# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

May 18, 2017

## LETTER OPINION & ORDER

Re: <u>Galarza v. Whittle-Kinard, et al.</u>
    <u>Civil Action No. 16-cv-00764 (ES)(SCM)</u>

Counsel:

Before this Court is Defendant Prime Healthcare Services – St. Michael's, LLC's ("Prime Healthcare") informal motion to stay discovery pending the resolution of its motion to dismiss the Second Amended Complaint.[1] Plaintiff, Maria Galarza ("Ms. Galarza") opposes the stay and Prime Healthcare has replied.[2] Having considered the parties' respective submissions, the telephonic arguments of counsel heard on May 17, 2017, and for the reasons discussed below, the Court **grants in part** Prime Healthcare's informal request to temporarily stay discovery pending decision on its motion to dismiss.

## I. BACKGROUND AND PROCEDURAL HISTORY

At issue is Prime Healthcare's request to stay discovery pending the outcome of its motion to dismiss. Prime Healthcare entered an appearance in this matter in September 2016 after Ms.

---

[1] (ECF Docket Entry No. ("D.E.") 47). The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 49, 53).

Galarza amended the removed complaint.[3] Her first amended complaint alleged successor liability claims[4] and the second amended complaint added allegations to support a joint employer theory of liability against Prime Healthcare in connection with its purchase of St. Michael's, Ms. Galarza's former employer.[5] Ms. Galarza also seeks relief from her former co-workers, Defendants Roslyn Whittle-Kinard, Lota Herrera, Dennis Sparks, David Ricci, and Dennis Pettigrew (collectively, the "Individual Defendants") for alleged retaliation and firing her for "exercising her rights".[6]

After removing this action to federal court, the parties began exchanging discovery in accordance with the December 13, 2016 fact discovery deadline set by the Court.[7] The Court subsequently extended this deadline to April 13, 2017[8] and then to July 14, 2017.[9] Following oral argument, the Court again extended all discovery dates approximately sixty (60) days with the understanding that counsel will aggressively pursue discovery.

---

[3] (D.E. 12, 16).

[4] (D.E. 12 ¶ 109j).

[5] (D.E. 30, Second Am. Compl.). Ms. Galarza's state court complaint against St. Michael's was stayed as a result of St. Michael's Chapter 11 Bankruptcy. (*See* D.E. 44; 36-3 at 21).

[6] (*See generally* D.E. 1).

[7] (D.E. 1, Notice of Removal; D.E. 9, Initial Scheduling Order ¶ 3).

[8] (D.E. 25, Oct. 27, 2016 Scheduling Order ¶ 5).

[9] (D.E. 45, Mar. 16, 2017 Scheduling Order ¶ 2).

Prime Healthcare's request seeks to stay discovery pending the disposition of its motion to dismiss.[10] Ms. Galarza opposes a stay.[11] The Individual Defendants do not.[12]

## II. DISCUSSION

### A. Rule 26(c) Standard for Discovery Stay

A party seeking to stay discovery pending the outcome of a dispositive motion bears the burden of demonstrating "good cause."[13] "Courts generally do not favor granting motions to stay discovery because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."[14] "[I]t is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay."[15] The party seeking a stay must demonstrate "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay will work damage to someone else."[16] A finding of "good cause"

---

[10] (D.E. 47). Prime Healthcare previously filed a motion to dismiss and sought leave to file a motion to stay discovery which were mooted by the filing of the Second Amended Complaint. (D.E. 23, 26).

[11] (D.E. 49).

[12] (D.E. 43).

[13] *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009).

[14] *Thompson v. Warren*, No. 13-4334, 2015 WL 3386487, at *2 (D.N.J. May 26, 2015) (citing *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009); *see also Actelion Pharm. Ltd. v. Apotex Inc.*, No. 12-5743, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013) (internal citations omitted).

[15] *Gerald Chamales Corp. v. Oki Data Ameriacs, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (internal citations omitted).

[16] *Id.* at 456-57 (internal quotations omitted).

requires a balancing of competing interests and the court's inherent interest in promoting "fair and efficient adjudication" of the claims.[17]

B. <u>Analysis</u>

Despite the use of burden shifting language in Prime Healthcare's Reply, the burden of demonstrating good cause remains with Prime Healthcare as the party seeking the stay. Prime Healthcare argues that a balance of the following factors demonstrate that a stay is appropriate.[18] First, it contends that a stay would not prejudice Ms. Galarza or present Prime Healthcare with clear tactical disadvantage. Second, it avers that denial would create a clear case of hardship or inequity for Prime Healthcare. Third, it argues that the pending motion to dismiss has a strong likelihood of success which would result in Prime Healthcare's dismissal from this action. Lastly, it proffers that discovery is in its infancy stage and a trial date has not been set.

On balance, the Court finds that Prime Healthcare has demonstrated good cause for the issuance of a stay pending the resolution of the motion to dismiss. The first factor, whether a stay would result in prejudice to Ms. Galarza, weighs in favor of staying this action. Here, Ms. Galarza argues she would be substantially prejudiced if discovery is stayed because 1) she has already engaged in extensive discovery with the Individual Defendants, including the exchange of thousands of documents, answering interrogatories, providing initial disclosures and providing an economic expert report; 2) it would "obstruct Plaintiff's ability to conduct discovery by that time,

---

[17] *See Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 424 (D.N.J. 2003).

[18] (D.E. 47, Def.'s Br. at 12) (quoting *Actelion*, 2013 WL 5524078, at *3) (noting that "courts generally weigh a number of factors in determining whether to grant a stay including: '(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party'; (2) whether denial of the stay would create 'a clear case of hardship or inequity' for the moving party; (3) 'whether a stay would simplify the issues and the trial of the case'; and (4) 'whether discovery is complete and/or a trial date has been set'") (internal citations omitted)).

or even an extended period of time;" 3) she will be forced to take the depositions of the Individual Defendants' witnesses without the benefit of interrogatory responses or documents from Defendant; and 4) a stay would provide Prime Healthcare with an "unfair advantage for the purposes of both filing a Summary Judgment Motion and preparing for trial."[19] In response, Prime Healthcare dismisses each of the above contentions as "purely speculative" and argues that if Ms. Galarza was concerned about discovery "she would not have waited 8 months" to serve "her first and only discovery requests on Prime Healthcare."[20]

Ms. Galarza's arguments amount to her belief that a stay will prejudice her by delaying discovery and the adjudication of this matter. However, "delay in resolving [a] dispositive motion does not, without more, establish that undue prejudice will result from issuance of a stay."[21] The Court further finds that any delay in discovery falls on Ms. Galarza's shoulders. While she has engaged in extensive discovery with the Individual Defendants, the opposite is true with regards to Prime Healthcare. Prime Healthcare has been a party to this case since August 22, 2016.[22] Since then, Ms. Galarza has served only one request for the production of documents upon Prime Healthcare dated April 17, 2017.[23] Ms. Galarza has not identified any Prime Healthcare witnesses she intends to or needs to depose before resolution of the dismissal motion, what information she hopes to obtain from Prime Healthcare, or how the information sought is relevant.[24] For these

---

[19] (D.E. 49, Pl.'s Opp. at 10-11).

[20] (D.E. 53, Def.'s Reply at 16, 17 at n.6).

[21] *Actelion*, 2013 WL 5524078, at *4.

[22] (*See* D.E. 12, Am. Compl.).

[23] (D.E. 53-2, Ex. A to Ranjo Decl.).

[24] (D.E. 53, Def.'s Reply at 17).

reasons, Prime Healthcare has met its burden of showing that Ms. Galarza would not be prejudiced by a stay pending disposition of the motion to dismiss.

Turning to the third argument, the Court finds that disposition of Prime Healthcare's motion to dismiss is a neutral factor with regard to the instant request to stay. "Where there is a motion to dismiss for failure to state a claim upon which relief can be granted, the court should take a preliminary look at the allegedly dispositive motion to see whether it is a challenge as a matter of law or to the sufficiency of the allegations."[25] If the motion "merely addresses the sufficiency of the complaint, resolution of the pending motion is not necessarily dispositive because the pleadings may be amended to correct the deficiencies."[26] Here, the Court's review of the motion to dismiss reveals that Prime Healthcare challenges the sufficiency of the joint employer claim[27] but also challenges the successor liability claim as a matter of law. Ms. Galarza's opposition asserts the same. Accordingly, the Court cannot conclude that only one result can be reached. Even if the successor liability claims are dismissed, the joint employer claims against Prime Healthcare may survive. Regardless, this case will move forward because the Individual Defendants do not seek a stay nor have they filed any dispositive motions. While Prime Healthcare argues otherwise, the Court concludes that "[i]n the absence of a clear and unmistakable result," a

---

[25] *Coca-Cola Bottling Co. v. Grol*, No. 92-7061, 1993 WL 13139559, at *2 (E.D. Pa. Mar. 8, 1993) (internal citation omitted).

[26] *Id.* (internal quotations and citation omitted).

[27] For example, Prime Healthcare argues that the Second Amended Complaint contains "conclusory allegations" which "are wholly insufficient to state a claim." (D.E. 47, Def.'s Br. at 16-17).

determination of good cause cannot "depend upon [a] prediction of how the District Judge will decide defendants' dispositive motion."[28]

With respect to Prime Healthcare's final argument, the Court finds that the status of discovery weighs in favor of staying this matter. Discovery is truly in its infancy stage, at least as it pertains to Prime Healthcare. While the Court urged the parties to move forward with discovery during its March 16, 2017 status conference, Ms. Galarza has only recently served a very limited document request upon Prime Healthcare. Furthermore, she has not noticed any depositions nor has she identified the information she seeks from Prime Healthcare. On balance, the Court finds that Prime Healthcare has demonstrated "a clear case of hardship or inequity in being required to go forward" with deposition discovery. Accordingly, the Court **grants in part** Prime Healthcare's motion for a stay of discovery pending resolution of its motion to dismiss.

## III. CONCLUSION

For the reasons set forth above, good cause exists to grant in part Prime Healthcare's motion for a stay of deposition discovery. On balance, the competing interests of Ms. Galarza to continue discovery and Prime Healthcare to be temporarily shielded from party depositions of its witnesses is a fair and efficient resolution. An appropriate Order follows.

**ORDER**

**IT IS** on this Thursday, May 18, 2017,

1. **ORDERED**, that Defendant Prime Healthcare's motion to stay discovery pending the resolution of its motion to dismiss the Second Amended Complaint is **granted in part**. Prime

---

[28] *Gerald Chamales Corp.*, 247 F.R.D. at 454.

7

Healthcare shall respond to paper discovery requests but shall not be subject to notices for the deposition of witnesses under its control during the stay; and it is further

2. **ORDERED**, that Defendant Prime Healthcare is prohibited from noticing or issuing subpoenas for any depositions during the stay, but may nonetheless participate in any party or witness depositions noticed by other parties during the limited stay.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/18/2017 11:40:32 AM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File

8